Dear Mr. LeBlanc:
Reference is made to your recent request, on behalf of the City of Gretna, for an Attorney General's opinion regarding LSA-R.S. 46:2583, which law requires imposition of a fee of twenty-five dollars for violations of state mandated mobility-impaired parking restrictions. LSA-R.S. 46:2583, entitled "Disability Affairs Trust Fund", provides as follows:
 "A. (1) Subject to the provisions of R.S. 15:571.11, two thirds of all fines collected for violations of parking restrictions established by R.S. 40:1742(B) and two-thirds of all fines collected for false certification of mobility impairment by a physician as provided by R.S. 437:463(G)(4) shall be forwarded by the officer of the court who collects the same to the state treasurer within thirty days after the penalty or forfeiture is collected.
 (2) In addition to all fines, fees, costs, and punishment prescribed by law for violations of mobility-impaired parking restrictions established by local ordinance or R.S. 40:1742, the court shall impose an additional fee of twenty-five dollars for each such violation. All monies collected from such additional fees shall be forwarded by the officer of the court who collects the same to the state treasurer within thirty days after the penalty or forfeiture is collected." (Emphasis added).
In October of 2000, the City of Gretna received a letter from the Legislative Auditor's Office advising that the state, by virtue of LSA-R.S. 46:2583, as well as LSA-R.S. 40:1752, had imposed a mandatory $275 fine for violation of mobility-impairment parking laws. The Auditor's October letter referenced Attorney General's Opinion No. 99-18 (see also Opinion No. 99-18A), which determined that local ordinances imposing fines for violation of mobility-impairment parking laws had been preempted by the state law.
In July of 2001, the City of Gretna received a second letter from the Legislative Auditor's Office advising the City of Act 508 of the 2001 Regular Legislative Session, which act changed state law in the area of enforcement of mobility-impaired parking restrictions. Act 508 enacted LSA-R.S. 40:1742(C), which pertinently provides that state law:
 " shall not be construed to affect or preempt any ordinance of any local governmental subdivision or to prohibit any local governmental subdivision of the state from adopting ordinances regulating mobility-impairment parking which ordinances may provide for penalties and enforcements as deemed appropriate by the local governing authority Except as provided in R.S. 46:2583(A)(2), the provisions of local ordinances shall control in all aspects of enforcement of such ordinances."
The Auditor's letter of July of 2001 also stated that if local ordinances were applied, local governmental subdivisions must continue to collect the $25 fine of LSA-R.S. 46:2583(A)(2) for the Disability Affairs Trust Fund and forward those monies to the State Treasurer.
Apparently, the City of Gretna has elected to apply its local ordinance to these parking violations, and believes it must forward a portion of any penalties imposed by its local ordinance to the state treasurer. The city is therefore trying to determine what portion of its locally imposed penalty and what portion of the "additional fee of twenty-five dollars" imposed by LSA-R.S. 46:2583(B)(2) must be forwarded to the state treasurer for credit to the Disability Affairs Trust Fund. In attempting to make that determination, the City of Gretna has asked this office to address whether the twenty-five dollar fee imposed by LSA-R.S.46:2583(B)(2) "is considered a fine/penalty or cost".
This office has already had occasion to interpret the provisions of LSA-R.S. 40:1742(C), enacted by Act 508 of the 2001 Regular Legislative Session. In Opinion No. 01-89, addressed to Representative Mike Walsworth, the author of Act 508, we stated:
 "La.R.S. 40:1742(A) contains a legislative mandate regarding the creation of sufficient parking spaces for mobility-impaired individuals by all state agencies and local governmental bodies, as well as governmental and public facilities, having jurisdiction over street parking. La.R.S. 40:1742(B) creates a general state-wide mechanism for enforcement of this mandate, including provisions for towing of offender vehicles and fines.
 "Under the plain language of the new subsection (C), nothing in La.R.S. 40:1742(B) shall be construed to affect or preempt any local governmental ordinance enacted to implement the legislative mandate of La.R.S. 40:1742(A). The new subsection clearly reflects a legislative intent to allow local governmental bodies the discretion to adopt whatever enforcement mechanism such bodies deem appropriate in enforcing such local ordinances, regardless of the specifications of La.R.S. 40:1742(B). The only exception to this directive is the additional $25.00 fee imposed by La.R.S. 46:2583(A)(2), which cannot be waived or deleted by local governmental bodies." (Emphasis added).
In our opinion, political subdivisions such as the City of Gretna can choose to adopt local penalty and enforcement ordinances regarding violations of the state-mandated mobility impaired parking provisions contained in LSA-R.S. 40:1742(A). If local penalty and enforcement regulations are applied by a political subdivision, the political subdivision does not have to apply the optional statewide penalty and enforcement provisions contained in LSA-R.S. 40:1742(B).
It is also our opinion that in accordance with Act 508 and LSA-R.S. 17:1742(C), no portion of any penalty imposed by local ordinance for violation of mobility impaired parking restrictions will have to be forwarded to the state treasurer. It is only portions of penalties collected for violations of the optional statewide enforcement provisions contained in LSA-R.S. 40:1742(B) and 47:463.4(G)(4) that must be forwarded to the state treasurer. The courts of political subdivisions such as the City of Gretna must, however, collect and remit the entire amount of the "additional fee of twenty-five dollars" referred to in LSA-R.S. 40:1472(B) to the state treasurer for deposit in the Disability Affairs Trust Fund, whether the political subdivision applies its own, or the state's, penalty and enforcement provisions.
We trust the foregoing to be of assistance. Please do hesitate to contact this office if we can be of assistance to the City of Gretna in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
xc: Representative Mike Walsworth Mr. Grover C. Austin
Date Released: July 2, 2002